WILLIAM J. ESPER, RESPONDENT, v. MANHATTAN TRANSIT COMPANY, INCORPORATED, APPELLANT.

Argued October 13, 1933—Decided January 16, 1934.

For the appellant, *Maurice J. McKeown* (*Robert G. Howell,* on the brief).

For the respondent, *Louis Santorf* (*Joseph D. Donato,* on the brief).

The opinion of the court was delivered by

LLOYD, J. Esper brought an action against the transit company to recover damages for personal injuries and also for damage to his automobile. At the trial the property damage claim was withdrawn and the case proceeded to judgment in favor of the plaintiff for the damages for the personal injuries. From this judgment the defendant appeals.

The ground urged for reversal is that in the progress of the trial it developed that the defendant (appellant here) had

instituted an action in another court to recover for injuries to his automobile growing out of the same collision upon which the present suit was predicated. That suit proceeded to judgment against the present plaintiff resting on the averment in the complaint that respondent was guilty of negligence in the operation of his car. While the record of the earlier cases was informally before the District Court in the present case no point is made of this feature, and the respondent conceded at the argument that if the earlier case was properly dispositive of the one now before us no irregularity in its presentation would be claimed. The case was argued orally and is presented in adequate briefs on the appeal.

There is perhaps no rule of law of greater importance than that of *res adjudicata*. There must come a time when litigation is at an end and this doctrine came into being for the purpose of determining when this result should be reached, and what it should be. The doctrine has been proclaimed in the jurisprudence of all civilized nations (2 *Freem. Judg.* 1321), found its most distinctive recognition in England in 1776 in the Duchess of Kingston's case (3 *Sm. Lead. Cas.* 1998), has found general acceptance in the states of the union, and in this state as defined and applied in *In re Walsh Estate,* 80 *N. J. Eq.* 565. In the latter case it was declared by the Court of Errors and Appeals to be the law that the "judgment of a court of competent jurisdiction on a question of law or fact, or a question of mixed law and fact, once litigated and determined, is, so long as it remains unreversed, conclusive upon the parties and their privies, not only as to the particular property involved in the suit in which it is pronounced, but as to all future litigation between the same parties or their privies touching the subject-matter, though the property involved in the subsequent litigation is different from that which was involved in the first."

Tested by this rule it is quite clear that in the earlier action here involved it was determined that the accident was caused by the negligence of the present plaintiff and not by the negligence of the present defendant. This was a question of fact definitely determined between the parties and when

pleaded here was a barrier to recovery by the present plaintiff for it established conclusively and finally the negligence of the plaintiff which precluded recovery here. This result should forever set at rest any right of either party resting upon negligence in the accident which is the basis of litigation in both cases.

The respondent has cited a number of cases which he claims are at variance with the view here expressed. A careful analysis we think demonstrates that they not only are not at variance, but that they are in complete accord with the present conclusion.

The first of these is *Ochs* v. *Public Service Railway Co.,* 81 *N. J. L.* 661. In that case the plaintiff recovered for property damage arising out of a collision between his horse and carriage and a trolley car of the defendant. He later instituted an action for personal injuries growing out of the same accident and recovered there as well. The court held in substance that the property damage and the personal injuries were different causes of action and that recovery on the first did not bar a subsequent suit for the latter. In effect this simply determined that the rule that a party who has suffered damages by reason of the wrong of another must present his entire claim in one action did not go so far as to require that both property and personal injury damages should be so included. There was no contrary finding on the fundamental question of liability as in the present case.

In *Carter* v. *Public Service Gas Co.* (*Court of Errors and Appeals*), 100 *N. J. L.* 374, the plaintiff sued the gas company for an assault and battery by a servant of the company. Previously this same servant had recovered damages against Mrs. Carter for injuries growing out of the same affray. This earlier judgment was successfully pleaded as *res adjudicata* by the gas company and affirmed on appeal. It will thus be seen that the case goes a step further than is here required in holding that the earlier judgment determines not only the absence of liability of the employe, but the like non-liability of the employer as well.

In *Smith* v. *Fischer Baking Co.,* 105 *N. J. L.* 567, the plaintiff brought suit against the baking company for damages to her automobile caused by a collision with the defendant's automobile and recovered judgment. Previously one Vernoy, a servant of the plaintiff, had brought suit against the baking company for injuries growing out of the same accident and in that action judgment was rendered for the defendant. This judgment was tendered in evidence as *res adjudicata* at the trial of the Smith case, was rejected and this action of the trial court was affirmed on appeal by the Court of Errors and Appeals.

While Carter *v.* Public Service Gas Co. was distinguished upon the ground that the action in that case was for an assault and battery while the action in the Smith case was for negligence, it may be added that the parties were not the same and were suing independently and each in individual right. The action by Vernoy represented himself alone. While he was the chauffeur of Mrs. Smith's car he was employed to drive her car, but not to bring actions for damages.

More recently came *Bergin* v. *Ganley,* 107 *N. J. L.* 242. In that case a previous adjudication on the question of negligence in the District Court was tendered in evidence on a trial in the Supreme Court and rejected. This action was affirmed by the Court of Errors and Appeals, but solely on the ground that the District Court, in an action begun after one already instituted in the Supreme Court, could not oust the latter of its jurisdiction, and it is clear from the opinion of the late Chief Justice Gummere that but for this fact the earlier judgment would have been held conclusive. The facts in that case were that suit was brought in the Supreme Court in July, 1929. Later an action was begun in the District Court against the plaintiff Margaret Bergin, by the defendant Mrs. Ganley for personal injuries arising out of the same facts, a collision between two automobiles, and judgment rendered for the plaintiff. The Supreme Court issue was tried and resulted in a judgment for the plaintiff herein. Except that both cases were for personal injuries the facts do not differ from those presented in the case now before us.

The trial judges of the state, recognizing the necessity of setting litigation at rest and avoiding the anomalous and intolerable situation of recovery in negligence cases by both parties upon the same state of facts, have appreciated the distinction between the cases cited above in the Court of Errors and Appeals, and in at least two cases (*Freitag* v. *Renshaw,* 9 *N. J. Mis. R.* 1161, and *Wirth* v. *Slinn,* 10 *Id.* 361), a prior finding between the same parties on the question of negligence was held conclusive and barred a recovery in the then pending action.

In the present action the parties are the same. The primary issue was the responsibility of one or the other or both. That issue was tried out in the First District Court case and resulted adversely to the present plaintiff (respondent here). It cannot be again litigated between them.

The judgment is reversed.