MARION FALKENSTERN, PLAINTIFF-RESPONDENT, v. HERMAN KUSSY CO., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Argued February 25, 1948—Decided May 13, 1948.

For the defendant-appellant, *Bilder, Bilder & Kaufman* (*Walter J. Bilder* and *Sanford Freedman,* of counsel).

For the plaintiff-respondent, *Schneider & Schneider* (*Jacob Schneider,* of counsel).

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. This is an appeal from a final judgment in favor of the plaintiff-respondent and against the defendant-appellant entered on two orders striking the answer and counter-claim of the appellant.

The respondent, as assignee of the Fruitcrest Corporation, a New York corporation, instituted an action to recover $1,412.50 with interest and costs. The complaint contained four counts all predicated upon the same cause of action (for $1,412.50) : the first for the price of goods sold and delivered ; the second on a book account; the third for the reasonable value of the goods and the fourth a count in debt. The answer admitted all the material allegations of the complaint but denied the assignment.

By way of counter-claim, the appellant as assignee sought unliquidated damages against the respondent on two separate and distinct causes of action. The first count alleged that in 1946 the Fruitcrest Corporation sold to one Wallace, Burton & Davis Company certain canned goods for export shipment. The goods were delivered to the purchaser, were sold and shipped out and paid for but upon their receipt by the purchaser's customer were found to be unfit for consumption. The theory of this count was a breach of the warranty of fitness, for which the purchaser had paid its customer damages.

The second count was on the same theory covering a similar yet different transaction with the original purchaser covering the same types of merchandise but in different amounts, which merchandise had not been resold in the trade. The purchaser sought to recover what it had paid Fruitcrest, the respondent's assignor, plus the amount of resale profit it would have received if the goods were merchantable.

The respondent made a motion to strike the counter-claim on several grounds, including (1) the counter-claim was im-

proper, (2) the counter-claim presented an issue involving unliquidated damages and was improperly set off to the complaint which involved a liquidated claim, and (3) the counter-claim was improper in that it presented issues which could not be conveniently tried with those presented by the complaint.

The trial court struck the counter-claim. The learned trial judge held that since the complaint sought liquidated damages and the causes of action pleaded in the counter-claim were for unliquidated damages, as such they were not the proper subject-matter of set off citing *R. S.* 2:26–190; *Godkin* v. *Bailey*, 74 *N. J. L.* 655; *John Wills, Inc.*, v. *Citizens National Bank, &c.*, 125 *Id.* 546; *Yeskel* v. *Gross*, 105 *Id.* 308. He held further:

"An assignee of a chose in action takes what the assignor had, subject to all set offs, discounts, and defenses which the debtor has not only against the assignee but also against the assignor before notice of the assignment; *R. S.* 2:41–1, but the assignee does not thereby, without more, assume the liabilities of the assignor. Discount connotes a set off or reduction arising out of the claim sued upon, and defenses imply matters in defense of that particular claim stemming from it, such as failure of consideration, payment, or fraud."

By this language we understand the trial court to have held that the defendant, even though an assignee, could and is required to set off any liquidated claim which could be set off in an action between the original parties to the contract upon which the plaintiff relies.

In strictness *set off* is not a defense at all, since it neither denies the plaintiff's right nor denies that the amount claimed is due. On the contrary, it passes these defenses for the purpose of exhibiting a cause of action against the plaintiff. It need not arise out of the same transaction or contract. There is no such thing as a "plea of set off." *Naylor* v. *Smith*, 63 *N. J. L.* 596. "Discounts and defenses" (*R. S.* 2:41–1), like pleas, neither destroy the plaintiff's claim nor deny that the amount of the claim is due and therefore they are related to and must be confined to the particular claim asserted in the complaint since their efficacy depends upon the legal infirmi-

ties of the cause of action therein asserted. With this we are in accord.

The counter-claim was stricken for the reasons stated and a motion was then made to strike the answer as sham which motion was granted and a final judgment entered.

The appellant makes the point that the trial court erred in striking the counter-claim because it presented a legally sufficient cause of action.

Relying on the broad language of *R. S.* 2:27–137 "Subject to rules, the defendant may set off or counter-claim any cause of action," the appellant argues this section makes no limitation on the nature of the cause of action to be asserted as a set off or counter-claim and establishes no requirement that it be liquidated or unliquidated or that it relate to the subject-matter of the cause of action which is pleaded in the complaint. It is conceded that under *R. S.* 2:27–141 and Supreme Court rule 21 (f) the court in its discretion may order a separate trial of the set off or counter-claim and can strike a counter-claim if it cannot be conveniently disposed of in the pending action.

The right to set off or counter-claim given by *R. S.* 2:27–137 is not as broad as contended for by the appellant but is impliedly subject to statutory provisions *in pari materia* and expressly "subject to rules."

The causes of action asserted in appellant's counter-claim are for unliquidated damages and are not a proper subject of set off for the reasons stated by the trial court.

At common law such actions could not be brought by recoupment because while recoupment is the right to assert a cross-claim for unliquidated damages the cross-claim had to be confined to matters arising out of the transaction or contract upon which the plaintiff's action was predicated. Our earlier statutes also so provided. *Norton v. Sinkhorn,* 63 *N. J. Eq.* 313, 319. On the other hand liquidated claims asserted as a set off need not have any common origin but may arise out of widely different transactions.

These distinctions are implicit in the use of the term "set off" in *R. S.* 2:27–137 and give full effect to *R. S.* 2:26–190, 191, providing for the set off of liquidated damages only.

Counter-claim is a term of much broader import and as used in *R. S.* 2:27–137 includes recoupment in its narrow signification and also includes a cross-claim for unliquidated damages not necessarily arising out of the same transaction. It is for this reason that the right to counter-claim necessarily must be subject to rules unless causes are to be unnecessarily confused by joining totally unrelated causes of action for unliquidated damages.

*R. S.* 2:27–137 therefore must be read in the light of *R. S.* 2:27–141, *supra,* and Supreme Court rules 21 (f) and 66. Rule 21 (f) applicable to complaints provides "The Court may strike out causes of action which cannot be conveniently tried with other causes of action joined in the same suit." Rule 66 provides "A counter-claim is deemed to be a cross-action and the rules respecting the form and manner of pleading the complaint, apply to the counter-claim."

Therefore it has been held that a counter-claim that cannot be conveniently tried with the cause or causes of action set forth in the complaint may be stricken by the authority of the statute and the rules. *Kelly* v. *Faitoute Iron and Steel Co.,* 87 *N. J. L.* 567; *Elizabeth Trust Co.* v. *Central Lumber Co.,* 112 *Id.* 522, 527. *Cf. Ruchlin* v. *A. G. Motor Sales Corp.,* 127 *Id.* 378.

When the motion to strike the counter-claim was made, the issues presented by the pleadings were such that they could not be conveniently tried together and for that reason the counter-claim was properly stricken and the order of the trial court is therefore affirmed.

The appellant asserts that no inconvenience could result because the allegations of the complaint were admitted except the assignment and therefore only the counter-claim would be tried. This is an express admission that the answer filed was sham, although that also could be implied from appellant's failure to appeal from the subsequent order striking the answer as sham. The intent of the statute and rules would be defeated if the filing of a sham answer could serve as the cornerstone of the right to counter-claim, because the orderly progress of litigation could seriously be affected thereby.

The purpose of the Practice Act provisions and the implementing rules in enlarging the ambit or field in which cross-claims for unliquidated damages could be asserted by *counterclaim*, without being strictly confined to the technical distinctions between *set off* and *recoupment*, or limited thereby, was to afford a procedure that would permit, where practical, the adjudication in one action of the controversies between the parties, consistent with the efficient presentation of evidence and the demarcation of the issues. *Harris Pleading and Practice* 388. It was not intended to afford a defendant the opportunity to take assignments from the several creditors of the plaintiff and by counter-claiming thereon try out the then financial position of the plaintiff *ad infinitum*.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 13.

*For reversal*—None.