MICHAEL STAREGO, PLAINTIFF-APPELLANT, v. JOHN
SOBOLISKI AND MICHAEL STOFEGA, DEFENDANTS-
RESPONDENTS.

Argued November 24, 1952—Decided December 22, 1952.

*Mr. Paul C. Kemeny* argued the cause for the plaintiff-appellant.

*Mr. Matthew F. Melko* argued the cause for the defendants-respondents (*Messrs. Melko, Goldsmith & Pollack,* attorneys; *Mr. David Goldsmith* on the brief).

The opinion of the court was delivered by

OLIPHANT, J. Plaintiff instituted an action against the defendants in the Superior Court, Chancery Division, Middlesex County, seeking damages and an injunction for an

alleged trespass by reason of water pipe lines having been laid under and across his premises to the lands of the defendants.

The matter came on for hearing in the Superior Court and was there dismissed and summary judgment entered for the defendants on the grounds that the pleadings failed to state a claim upon which relief could be granted and that there was no genuine issue as to any material fact. An appeal from the judgment of the Superior Court to the Appellate Division resulted in an affirmance.

■ *Rule* 1:2–1 provides the bases for an appeal to this court. There was no dissent in the Appellate Division and the cause was not certified by us. Moreover, while the defendants contended that the plaintiff had shown no ground for appeal from the Appellate Division the plaintiff made no reply thereto, nor was there a constitutional question raised in his "Statement of Questions Involved," *Rule* 1:3–2(c). From the citation of several cases in the brief submitted by the plaintiff to this court and from the oral argument it is apparent that he claims he is being deprived of his property without due process and that the acts of the defendants offend the Fifth Amendment of the Federal Constitution.

■■ The mere allegation that a cause involves a constitutional question gives no right to an appeal under the rule. There must be a showing that a *substantial* constitutional question is involved and this must be set out with particularity. If it were to be held to be adequate that a mere allegation as to deprivation of property rights in a trespass case is sufficient to satisfy the requirements of *Rule* 1:2–1(a), then every case involving real property can be appealed to this court by the inclusion in appellant's brief of the open *sesame*—due process.

While the appeal might therefore be dismissed, we will determine the case on its merits.

The plaintiff was the owner of a lot of land fronting on the southerly side of Hall Avenue in Perth Amboy, and the

defendants respectively owned lots of land lying immediately to the east thereof. The defendants, previous to 1944, had requested the City of Perth Amboy to connect their properties with existing water mains and for water service, which request was complied with and paid for by the defendants. In 1944 they complained to the city of inadequate water pressure and as a result thereof the water department of the city installed a new water line by connecting a 1¼″ pipe or sub-main to the 4″ main running down Hall Avenue. This 1¼″ pipe was laid underground in the area between the sidewalk and curb of plaintiff's property, running thence to defendants' lots, and to this pipe were connected 1″ service pipes with defendants' properties.

Under this set of facts it is clear these defendants committed no trespass on plaintiff's land. After complaining of the inadequate water pressure the city apparently felt obliged to install adequate facilities and did so by laying the pipe complained of without charge to these defendants. Their only interest was adequate water pressure. The case is barren of any evidence to indicate any participation in the laying of the pipes by the defendants; they did not specify how or where the pipes should be laid. They had no power to direct the city as to the mode and method of the installation. As far as these defendants are concerned it does not appear the pipe could not have been laid by the city without any interference with plaintiff's land; hence it cannot be said the defendants caused the trespass or are liable for it. *Murtfeldt v. New York, W. S. & B. Ry. Co.,* 102 *N. Y.* 703, 7 *N. E.* 404 (*Ct. Apps.* 1886). The defendants do not own the pipe running across plaintiff's property and could not compel its removal. No master-servant relationship existed between the defendants, the City of Perth Amboy or its employees. To support an action sounding in trespass the relationship of master and servant must be established between a defendant and those who committed the acts complained of if they were not done by the defendant himself, and when those who committed the acts were

neither employed, paid nor controlled by the defendant he is not liable. *McGuire v. Grant*, 25 *N. J. L.* 356 (*Sup. Ct.* 1856). Liability flows from the relationship of master and servant, a relation which includes the power to direct the servant in the execution of the duties of his employment and to so control his acts that no injury may be done third persons. *Cuff, Admx. v. Newark and New York R. R. Co.*, 35 *N. J. L.* 17, 23 (*Sup. Ct.* 1870).

From the record before us the original trespass and the continuing trespasses, if any such exist, were those of the City of Perth Amboy and not of these defendants. They neither aided in, commanded nor procured any trespass, nor did they even encourage such improper act. *Cf. Bruch v. Carter*, 32 *N. J. L.* 554 (*E. & A.* 1867).

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.