HENRY L. KLOTZ, PLAINTIFF-RESPONDENT, v. HARRY P. LEE, JR., DEFENDANT-RESPONDENT, AND JOHN W. BREISH AND P. J. BREISH, T/A P. J. BREISH & SONS, DEFENDANTS-APPELLANTS.

Argued February 13, 20, 1956—Decided March 12, 1956.

*Mr. William C. Gotshalk* argued the cause for appellants (*Mr. Edward W. Eichmann,* attorney).

*Mr. Benjamin Auerbach* argued the cause for respondent Klotz (*Mr. H. Albert Hyett,* attorney).

*Mr. Maurice Y. Cole* argued the cause for respondent Lee (*Messrs. Cole & Cole,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J. This is an appeal, purportedly taken as of right pursuant to *R. R.* 1:2–1(*a*), from a judgment of the Appellate Division affirming a judgment against the appellants following a jury trial. The procedural route the appellants pursued to bring the cause before us is complex as well as unique and will be subjected to closer scrutiny hereafter.

The action arises out of an automobile accident and involves three separate and distinct parties. The plaintiff, Klotz, was a passenger in an automobile driven by the defendant Lee. That automobile and one driven by the defendant John W. Breish, but owned by the defendant P. J. Breish & Sons, were involved in a head-on collision on the Mays Landing-Somers Point road in Egg Harbor Township. Klotz, Lee and John W. Breish sustained personal injuries in the collision, and both automobiles were damaged extensively.

Klotz, who was Lee's passenger, instituted this action against both Lee and the Breishes, in which he claimed both or either of them was negligent and liable for the injuries which he had suffered in the accident. Lee answered denying any negligence on his part and cross-claiming against the Breishes for damages to his automobile. The Breishes likewise answered denying liability and filed a cross-claim against Lee for damages to their automobile.

The issues framed by the pleadings and the pretrial order were thus quite simple and the ensuing trial proceeded without incident for two days. Between the close of the trial on the second day and the morning of the third day, counsel for Lee's insurance carrier, who was defending the Klotz action on Lee's behalf as well as prosecuting Lee's cross-claim against the Breishes, entered into a settlement of Klotz' claim against Lee. The settlement provided, in substance, that if the jury returned a verdict, regardless of against whom, Lee's insurance company would pay Klotz $12,500 in full settlement of his claim against Lee, and if the verdict was against both Lee and the Breishes, Klotz would not exact more than fifty per cent of the amount awarded from the Breishes or their insurance carrier.

While the stipulation of settlement did not expressly preserve Klotz' rights against the Breishes, it is patent from the very terms of the agreement and the context in which it was made that it was without prejudice on the part of Klotz to pursue his action against the Breishes and, indeed, against Lee as well, subject to the limitation on the amount of recovery as set forth in the agreement. The agreement, under these

circumstances, did not constitute a "release" of one joint tortfeasor so as to effect a release of all. See *Judson v. People's Bank & Trust Co. of Westfield*, 17 N. J. 67, 85 (1954); *Adolph Gottscho, Inc., v. American Marking Corp.*, 18 N. J. 467, 471 (1955).

On the morning of the third day of the trial, the settlement was brought to the attention of the trial court and the Breishes' counsel, and we are told, no transcript having been made, that the matter was fully discussed in chambers. The trial continued on the third day, by the end of which the plaintiff had concluded his case.

At that point, the Breishes' counsel announced he had several motions to make but asked that the motions go over to the next court day. This request was granted, and when the trial was resumed, counsel proffered the following motions: he asked that Klotz's case be dismissed as against the Breishes because of lack of evidence; that Klotz' claim against the Breishes be dismissed because the agreement between Klotz and Lee constituted a release of one joint tortfeasor and thus operated as a discharge of all joint tortfeasors; and that Lee's cross-claim against the Breishes be dismissed inasmuch as the settlement agreement constituted an admission of Lee's responsibility for the accident.

Before us, appellants contend that at that juncture of the case they also moved to dismiss Klotz' claim against Lee on the ground there was no longer any issue as between those parties. While the record fails to disclose such a motion was in fact made, we shall assume for the purposes of this appeal that it was.

In any event, all of the Breish motions were denied by the trial court, which permitted the trial to continue as it had been instituted, with Klotz litigating against both Lee and the Breishes and the latter two litigating their cross-claims.

On the last day of the trial, the Breishes called plaintiff's attorney to the stand as their witness. Out of the presence of the jury, their counsel explained that his purpose in doing so was to lay before the jury the facts of the settlement agree-

ment "so that the jury may appraise the case from the standpoint of so much being received by the plaintiff for his injuries, either in full settlement of the claim or on account of any sum in addition to the amount paid or agreed to be paid in settlement." The trial court ruled that any evidence pertaining to the settlement agreement could not be received.

Thereafter, the case was submitted to the jury under a charge to which no exception was taken. The jury returned a verdict in favor of Klotz as against the Breishes in the amount of $35,000; a verdict of no cause of action on Klotz' claim against Lee; a verdict of $1,500 on Lee's cross-claim against the Breishes; and a verdict of no cause of action on the Breishes' claim against Lee. The jury's several verdicts were obviously predicated upon a finding that Breish was solely responsible for the accident.

Following the verdict, the Breishes moved to have it set aside as against the weight of the evidence. This motion was denied, but the court directed the verdict be reduced by the amount of $12,500 which Klotz had received from Lee's insurance carrier. A judgment in the amount of $22,500 was entered against the Breishes.

The appeal to the Appellate Division resulted in an affirmance, and following the issuance of the Appellate Division's mandate, appellants filed a petition for certification to this court, which was denied by order dated September 27, 1955. *Klotz v. Breish,* 19 *N. J.* 334 (1955).

In the meanwhile, however, appellants also filed a notice of appeal to this court "from a final judgment * * * entered in favor of the plaintiff in this action" under *R. R.* 1:2–1(*a*), claiming the appeal presented issues arising under the Constitutions of New Jersey and the United States. However, no brief was submitted on the appeal within the time allowed by the rules, and following the denial of the petition for certification, appellants asked for an extension of time in which to perfect their appeal. The application was denied, but when the attorneys for Klotz and Lee moved to dismiss the appeal for lack of prosecution, we denied the motion and

revised our prior order, granting the appellants thirty days in which to file their brief.

Still another motion has been presented to this court in connection with the appeal. Lee, upon whom notice of the appeal was served, has moved to dismiss the appeal as to him inasmuch as the appeal was taken, according to the notice, only from the "judgment entered * * * in favor of the plaintiff." It is Lee's thesis that by virtue of this wording of the notice, the judgment entered below in *his* favor is not before the court for review. In view of our disposition of the cause, however, it is unnecessary to pass upon this motion.

Our first task, obviously, is to search for and ascertain the constitutional question upon which is based the right to invoke our appellate jurisdiction. In so far as we can determine from the appellants' brief, the basic claim is that appellants' right to a fair trial was denied by the rulings below in two respects: (1) relevant evidence, *i. e.*, of the settlement existing between Klotz and Lee, was excluded from the jury's consideration, and (2) the jury was led to believe by Lee's continued appearance and participation in the proceedings, after the settlement, that there was an adversary proceeding between Klotz and Lee, thus posing a false issue to the jury.

As to the first specification, we need hardly say any more than that an erroneous exclusion of relevant evidence by a trial court does not constitute a denial of due process of law nor pose a constitutional issue. It is an error which is reviewable on appeal and which is subject to correction if, and only if, "a denial of the relief sought appears to the court to be inconsistent with substantial justice." *R. R.* 1 :5–3(*b*). Were the rule otherwise, practically every cause brought before this court would have the status of a constitutional appeal. See 536 *Broad St. Corp. v. Valco Mortgage Co., Inc.*, 5 *N. J.* 393 (1950).

Turning to appellants' second contention, it is not clear to us precisely how the appellants were prejudiced by the continuation of Klotz' action against Lee. The suggestion

seems to be that following the occurrence of the settlement, the normal adversary hostility between Klotz and Lee disappeared and that this was reflected in Lee's counsel's cross-examination of witnesses on the issue of plaintiff's damages, which prejudiced the appellants.

In point of fact, however, the record shows there was no diminution in the vigor with which Lee's counsel presented his cross-examination. To the contrary, as the trial judge noted, the suit "continued right down to the final wire with both defendants hotly contesting their respective positions, hotly contesting their respective claims and contentions."

And in point of theory, we are at a loss to know why the appellants had a constitutional right to hostility between Klotz and Lee. Indeed, from the very outset, it was clear that apart from damages, the basic issue in the case was solely as between Lee and the Breishes—who was responsible for the accident—and that issue was definitely determined by the jury against the Breishes. We are confident that Lee's continued appearance in the action—which, in any event, was necessitated by virtue of the cross-claims—could not have affected the basic finding of fact made by the jury.

For these reasons, it is apparent the record does not raise a substantial constitutional question necessary to sustain the jurisdiction of this court under *R. R.* 1:2–1(*a*). As was said in *Starego v. Soboliski*, 11 *N. J.* 29, 32 (1952):

"The mere allegation that a cause involves a constitutional question gives no right to an appeal under the rule. There must be a showing that a *substantial* constitutional question is involved and this must be set out with particularity."

See also *State v. DeMeo*, 20 *N. J.* 1, 5 (1955); *State v. Greenberg*, 16 *N. J.* 568, 571 (1954); *State v. Pometti*, 12 *N. J.* 446, 449–450 (1953).

Our jurisdiction has been improperly invoked under *R. R.* 1:2–1(*a*) and any inquiry into the non-constitutional errors claimed by the appellants, such as the verdict being against the weight of the evidence and excessive, may not be indulged. While we may consider non-constitutional ques-

tions in an appeal under *R. R.* 1:2–1(*a*), see *Frank v. Frank*, 7 *N. J.* 225, 234–235 (1951), an appeal of right must first be shown to exist. This is indubitably true here where the appellants had an opportunity to present such questions on their petition for certification, which was denied.

For the reasons stated above, the appeal is dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices WACHENFELD, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Justice HEHER—1.