97 N.J. Super. 382 (1967)
235 A.2d 206
PAUL A. ROSSUM, PLAINTIFF-RESPONDENT,
v.
JOHN C. JONES AND MOONACHIE TAXI, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1967.
Decided October 26, 1967.
*384 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Abraham P. Bab argued the cause for appellants.
Mr. Robert C. Hespe argued the cause for respondent (Messrs. Hespe & Hespe, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
Defendants Leo J. Antonino, t/a Moonachie Taxi, and Guiseppi Antonino appeal in this automobile collision, property damage negligence action from a judgment in plaintiff's favor and against them in the sum of $692 and costs.
Suit was instituted on July 16, 1965 in plaintiff's name by his insurance carrier under its subrogation rights to recover from defendants for its benefit moneys which it had paid because of collision coverage for the repair of plaintiff's automobile which had been damaged in a four-car accident in Moonachie on November 19, 1962. The suit was against Jones, owner and operator of one of the automobiles, and Moonachie Taxi, later amended to read "Leo Antonino, t/a Moonachie Taxi." By a third-party complaint Jones brought in Dorothea J. Spain, owner and operator of another of the four vehicles involved, and Guiseppi Antonino, owner and operator of the taxi, and employed by his son Leo in the conduct of the latter's taxi business.
On the day of trial and before any evidence was introduced, defendants Leo and Guiseppi Antonino moved to dismiss the action as to them on the ground that, in an earlier suit instituted on November 4, 1963 by Guiseppi Antonino against plaintiff herein, Jones and Spain, the same insurance carrier prosecuting the present action by the same attorneys had settled Guiseppi's claim against its insured by the payment of $100 to Guiseppi and had obtained therefor a dismissal of the former suit with prejudice and a release by Guiseppi of the insured.
*385 In that earlier action a similar disposition, also for a $100 consideration paid by Dorothea Spain, had been made as to Guiseppi's suit against her. Jones had not been served in that action and Guiseppi voluntarily dismissed his suit as to him without prejudice. The trial court reserved the motion to dismiss the present action on the ground aforesaid pending the taking of testimony on the issue of liability. After a plenary trial it found that Guiseppi Antonino was negligent in the operation of the taxi at the time and place in issue, as was defendant Jones, and that plaintiff was free from contributory negligence. It also found that third-party defendant Dorothea Spain was not liable. Accordingly, it entered a judgment in favor of plaintiff and against defendants Jones and Leo J. Antonino for $692 and costs, as first above noted.
On the third-party complaint filed by Jones the trial court found no cause of action against Dorothea Spain, but directed entry of a judgment against Guiseppi Antonino. It denied the motion to dismiss made by the Antoninos.
The sole contentions made by Leo J. and Guiseppi Antonino on this appeal are: (1) plaintiff was estopped from proceeding or recovering against them, and (2) a stipulation of dismissal with prejudice consented to by the parties is a terminal disposition of the issues involved. Reference, of course, is made to the earlier litigation instituted by Guiseppi Antonino against plaintiff herein, Rossum, and the others, which resulted in Rossum's insurance carrier paying Guiseppi $100 for a release of its insured and a dismissal of that suit with prejudice. That release was unilateral in that Rossum did not then execute a reciprocal release in Guiseppi's favor. Also, in that earlier action Rossum had filed no counterclaim, albeit he might have done so. R.R. 7:1-3; R.R. 5:2-1; R.R. 4:13-1.
The precise question herein  whether an insurance carrier may prosecute a subrogation claim in the name of its insured against a party with whom it has made a prior settlement on behalf of its insured and from whom it has obtained a release *386 and dismissal with prejudice of a pending action against its insured  has not been answered by our courts in any prior decision, so far as we are aware.
The closest case in point of fact is Kelleher v. Lozzi, 7 N.J. 17 (1951). Kelleher sued Lozzi for her property loss and personal injuries resulting from an intersection collision of their respective automobiles. A previous suit had been instituted by Lozzi against Kelleher for personal injuries and Kelleher filed an answer denying liability, but no counterclaim. That suit was settled and dismissed without costs upon Kelleher's paying Lozzi $550 for the dismissal and a release executed by Lozzi. At a prior pretrial conference the parties had stipulated to admit in evidence Lozzi's property damage bill in the amount of $331.50 and a physician's bill for services to Lozzi in the amount of $266.
The trial court struck the later complaint of Kelleher against Lozzi. On the Supreme Court's certification the judgment of dismissal was affirmed. It held that the settlement upon payment and release of a prior case, arising out of the same accident in which Lozzi had sued Kelleher, estopped Kelleher from taking the opposite position in the subsequent case and that consequently she failed to state a claim upon which relief could be granted. The court reasoned that the parties had by their settlement really made their own adjudication, and payment by the one for a release and dismissal by the other was an acknowledgement that the one who paid was at fault, thereby estopping the payor from subsequently taking the opposite position. In the court's words, Kelleher "was not at liberty so to pursue her elective courses that she could lead the plaintiff into a settlement and the giving of a release with the reasonable and logical expectation that by this joint undertaking of the parties their litigable differences were ended and then, on the finely spun distinction that she was about to litigate her claim, not his, revive an issue which she had resolved against herself." 7 N.J., at p. 29.
*387 The situation herein is not to be confused with that in Klotz v. Lee, 36 N.J. Super. 6 (App. Div. 1955), appeal dismissed 21 N.J. 148 (1956). There we held that a settlement concluded by the insurance carrier on its own without the approval of the insured would not preclude the insured from instituting his own action for his own damages against the person with whom the settlement had been made. Here, the insured is not pursuing his own remedy for his own benefit. Rather, the insurance carrier is merely using the name of the insured as a nominal plaintiff in seeking a recovery for its own benefit. Thus, the rationale of Kelleher v. Lozzi, noted above, would seemingly apply. By its settlement with Guiseppi Antonino, owner and driver of the taxi, the insurance carrier led him to believe that it was acknowledging that the fault lay with its insured (Rossum) and the payment for a release and dismissal with prejudice would end the matter so far as Guiseppi and Rossum were concerned. The rule of estoppel would preclude the carrier's taking an opposite position thereafter as to Guiseppi, even though it cloaked prosecution of its subrogation claim under the guise of a suit by the insured.
Plaintiff herein concedes in his brief that where the parties are the same in the two cases "it is easy to see that one should be bound and the other should benefit by the result in the case tried first." Citing Reardon v. Allen, 88 N.J. Super. 560 (Law Div. 1965), and Esper v. Manhattan Transit Co., 112 N.J.L. 186 (Sup. Ct. 1934), affirmed o.b. 115 N.J.L. 113 (E. & A. 1935). He properly notes that public policy demands economy in the use of judicial machinery. Reardon v. Allen recognized that where an insurance company has been subrogated to the property damage claim, it is "the true party in interest, and its own attorneys control the litigation." A property damage action brought by the insurance carrier in the name of the insured, merely as a formal party and over which the insured has no control, was deemed to be so completely the carrier's action in Reardon *388 v. Allen as not to affect a subsequent suit by the insured for personal injuries.
In the instant case we are not concerned with a separate suit by the insured himself, as when he prosecutes his independent action for personal injuries. Here, the subsequent subrogation action by the carrier was for its own benefit. By its agents and attorneys it controlled the prior litigation as well as the instant suit. Thus, the exception to Kelleher v. Lozzi, as pointed out in Reardon v. Allen, does not apply herein.
Plaintiff's insurance carrier argues that Kelleher v. Lozzi should not control because there the parties were the same and here they are different. Reference is made to the fact that the first suit was by Guiseppi Antonino against Rossum (whose name was misspelled therein as "Rosson"), Jones and Spain, while the instant suit by Rossum was against Jones and Leo J. Antonino, t/a Moonachie Taxi; and thereafter Guiseppi Antonino and Dorothea Spain were brought in by Jones as third-party defendants essentially to obtain contribution under the Joint Tortfeasors Contribution Act, N.J.S. 2A:53A. For simplicity we can disregard Jones and Spain in both actions. They are apparently not parties to this appeal. Jones was obviously not bound by what Rossum's insurance carrier did in the first action. We are not called upon in the instant appeal to review the rights of Jones as against the Antoninos. We note additionally that plaintiff's insurance carrier did not join Guiseppi Antonino as a party defendant. Rather, it named only "Moonachie Taxi" originally as a defendant, thereafter amending defendant's name to read "Leo J. Antonino, t/a Moonachie Taxi."
Thus, the question narrows to this: If plaintiff's insurance carrier is estopped from suing Guiseppi Antonino by virtue of its settlement with and payment to him in his prior suit, thereby acknowledging to Guiseppi that he was not at fault and its insured Rossum was, will that estoppel apply equally to Guiseppi's employer, Leo J. Antonino, who can be held liable only on the theory of respondeat superior? *389 In other words, does the preclusion of a judgment against an agent necessarily result in a preclusion of a judgment against the principal? The trial court found that Guiseppi, in the operation of the taxi owned by him, was an employee of his son Leo at the time of the accident. We accept that finding in answering these questions.
As a general rule, the release of, or a covenant not to sue, or a finding of no fault on the part of a servant, agent or employee for tort is a release of the master, principal or employer whose liability depends upon the doctrine of respondeat superior. 92 A.L.R.2d 533, 545 (1963); Simpson v. Townsley, 283 F.2d 743 (10 Cir. 1960).
There are exceptions to this rule. For example, in Hamburger v. Paterson Tallow Co., 122 N.J.L. 457 (Sup. Ct. 1939), plaintiff had been injured when he was struck by an automobile owned and operated by Smith. A settlement was worked out between plaintiff and Smith, to be paid in installments and with an acceleration clause upon default. Plaintiff agreed to deliver a general release to Smith upon full payment. It was only after Smith defaulted that plaintiff learned for the first time that Smith was on an errand for his employer, Paterson Tallow Co., at the time of the accident. Smith executed an affidavit to that effect and plaintiff gave him a covenant not to sue, but reserved his right to sue any other person for the damage. The trial court directed a verdict in favor of defendant employer on the ground that plaintiff had precluded himself from suing the employer by his agreement of settlement with Smith. On appeal, the judgment was reversed and remanded for a new trial. The court noted: "The original agreement of settlement was not made for its [defendant's] benefit; nor did it change its position on the faith of it. The doctrine of estoppel is not applicable."
In the instant case there is no proof that the insurance carrier knew, in effecting the settlement with Guiseppi Antonino for damage to the taxi owned and operated by him in the accident, that Guiseppi was then operating the taxi *390 as an employee of his son Leo in the latter's taxicab business. It cannot reasonably be said on the basis of the record before us that the insurance carrier, by its nominal settlement of $100 paid to Guiseppi, who had claimed $477.35 for repairs of his taxi, was thereby intending to release the unknown and undisclosed employer Leo. Estoppel connotes a change in position by a person to his detriment in reliance upon the word or conduct of another. Leo made no such change of position. Hence, the estoppel of the carrier from suing Guiseppi may not on broad principles of substantial justice be enlarged to include an estoppel to sue his employer Leo.
The "common law rule which, in absolute terms, released all joint tortfeasors upon the release of one" is no longer recognized in our State. Breen v. Peck, 28 N.J. 351, 364 (1958). That case rests upon the philosophy that it is "abhorrent to any current sense of justice to absolve the wrongdoer who paid nothing whatever towards the plaintiff's damages and who merely stood by while his co-tortfeasor fairly effected a compromise for himself."
In the instant case the fair inference is that the settlement made with Guiseppi by the insurance carrier was as to his own claim only and that the carrier was thereby avoiding the greater expense of a trial of his litigation for a nuisance value. While that conduct on the carrier's part precluded it from suing Guiseppi in a later action  which it did not do  there is no good reason in justice why it should be precluded from later suing Guiseppi's employer upon its ascertainment of the existence of that relationship.
In reaching our conclusion we are not, however, persuaded by the representations of the insurance carrier and its attorneys that they were unaware that the designated defendant "Rosson" in the first suit was the same person as their insured "Rossum," or that they did not know that there was a claim for damage to Rossum's car.
Substantial justice requires under the totality of the circumstances herein that the judgment be affirmed.
Affirmed.