130 N.J. Super. 123 (1974)
325 A.2d 828
WILLIAM C. SCHWEIZER, T/A SCHWEIZER BROTHERS EXCAVATING CONTRACTORS, PLAINTIFF-APPELLANT,
v.
WILLIAM MAC PHEE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 10, 1974.
Decided September 26, 1974.
*124 Before Judges MATTHEWS, FRITZ and BOTTER.
Messrs. Norton & Kalac, attorneys for appellant (Mr. Peter P. Kalac, on the brief).
Respondent did not file a brief.
PER CURIAM.
Plaintiff William C. Schweizer, trading as Schweizer Bros. Excavating Contractors (Schweizer), appeals from the involuntary dismissal[1] of his complaint in contract against defendant William MacPhee (MacPhee).
The essential facts are not the subject of any substantial dispute. In June 1970 MacPhee hired Schweizer to undertake some earth removal. It seems that in the course of the work some damage occurred to MacPhee's property by virtue *125 of the collapse of a wall. MacPhee charged Schweizer with negligence causing this damage and sued him for $5,700. The complaint was filed September 16, 1970. This action was defended, apparently by an insurance carrier, and settled before judgment.
On September 11, 1972 Schweizer sued MacPhee in contract. While no specific proof appears in the record,[2] it is apparent that at the time MacPhee instituted his suit in 1970 his obligation to Schweizer was liquidated or capable of being ascertained by calculation. MacPhee's complaint there asserts performance by Schweizer and Schweizer's answer admits it did the work.
The trial judge held that R. 4:7-1 applied, and that plaintiff's claim was foreclosed by his failure to assert it in the 1970 litigation. We agree.
The clarity of the command of the rule is to be recognized in this paraphrase: while a party may counterclaim against an opposing party whether or not his claim arises out of the same transaction or occurrence, if his debt or demand is liquidated or capable of being ascertained by calculation, he must assert it or he "shall thereafter be precluded." No exceptions appear in this mandatory language, although concededly the rule may be relaxed as a discretionary matter. R. 1:1-2. The sweeping import of the injunction is to be seen from the inclusion in the requirement of the assertion of claims to be "set off." Those words of art expressly signify claims which "need not arise out of the same transaction or contract." Folkenstern v. Herman Kussy Co., 137 N.J.L. 200, 202 (E. & A. 1948). Obviously the rulemakers intended to provide for the disposition of all claims between parties as early and as expeditiously as possible, *126 and, in the case of liquidated claims, the first time around.
Such is consistent with the announced policy of judicial administration in New Jersey. Only a few years into our new practice which followed upon the 1947 Constitutional Convention, Justice Jacobs noted that, "[B]y this time it must be well known that our courts are firmly committed to the enlightened policy which points generally to the joinder of all matters in controversy between all of the parties in a single proceeding for just and expeditious disposition at one time and place." Korff v. G and G Corp., 21 N.J. 558, 567 (1956) (emphasis added); cf. Applestein v. United Board & Carton Corp., 35 N.J. 343, 356 (1961). Falcone v. Middlesex County Med. Soc., 47 N.J. 92, 94 (1966), teaches us why in its acknowledgment of "elemental considerations of fairness to the other party and the urgent need for eliminating the delay and wastage incident to the fragmentation of litigation." See, also, the cogent discussion of compulsory procedure by Justice Burling in Massari v. Einsiedler, 6 N.J. 303 (1951).
The fact that the debt here came precisely within the language of the rule in that it was liquidated or capable of being ascertained by calculation calls the rule into play and is dispositive. It also serves to distinguish Humble Oil & Refining Co. v. Church, 100 N.J. Super. 495 (App. Div. 1968) (the sole case cited in appellant's brief in support of his appeal); Klotz v. Lee, 36 N.J. Super. 6 (App. Div. 1955), certif. den. 19 N.J. 334 (1955) and app. dism. 21 N.J. 148 (1956); Rossum v. Jones, 97 N.J. Super. 382 (App. Div. 1967), and Reardon v. Allen, 88 N.J. Super. 560 (Law Div. 1965), all automobile negligence matters involving personal injuries and property damage.
The argument below  not reiterated here where only the holding of Humble Oil is forwarded  that the rule, if applicable, should be relaxed, was considered by us. Since such relaxation is discretionary with the trial judge (R. 1: 1-2), we have reviewed the matter to the end of examining *127 the exercise of discretion below in the refusal to relax the rule. Beyond the proposition of law that in matters of discretion such as this reversal will follow only in cases of a clear abuse thereof, Braelow v. Klein, 100 N.J.L. 156, 158 (E. & A. 1924); Lorgan v. Palmer, 8 N.J. Misc. 205, 206 (Sup. Ct. 1930); Wimberly v. Paterson, 75 N.J. Super. 584, 607 (App. Div. 1962), certif. den. 38 N.J. 340 (1962), we are satisfied that nothing in the record presented by plaintiff suggests an urgent need for relaxation. The mere fact that an insurance carrier was interested in the 1970 action, and even the fact that probably its counsel defended, in no way demonstrates the inability of plaintiff to comply with the rules of court. Nothing below demonstrates that counsel in that action was incapable of or prevented from asserting the Schweizer claim.
If the rules are to mean anything at all, their application must be the common occurrence, and relaxation the exception. For this to depend on situational experience, absent compelling equities, is to substitute the ad hoc judgment of the trial court for the considered plan of the Supreme Court in its rule-making capacity. This we will not do.
Affirmed. No costs.
NOTES
[1] We assume this was the relief granted, from that which appears in the transcript where, as a matter of fact, the judge below granted a motion that had not yet been made, following which counsel said, "I so move," without further elucidation. While the notice of appeal, reproduced in the appendix, appeals from the action of the trial court "dismissing the Complaint," it also appeals from the action of the trial court "denying any and all relief." In flagrant disregard of R. 2:6-1 (a) (3), appellant has not reproduced the judgment appealed from in his appendix.
[2] There was no testimony below. The judge below sought and received leave from counsel to "consider this complaint" without reference to whether he was speaking of the 1970 pleadings or the complaint before him for trial. In any event, we may take judicial notice of the 1970 pleadings reproduced in appellant's appendix. Evid. R. 9(2) and 12(2).