**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0652-16T4

K.L,[1]

    Plaintiff-Respondent,

v.

F.T.M.,

    Defendant-Appellant.

_____

        Argued May 30, 2018 — Decided July 9, 2018

        Before Judges Moynihan and Natali.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Hudson County,
        Docket No. FD-09-1737-12.

        F.T.M., appellant pro se.

        Nirmalan Nagulendran argued the cause for
        respondent (Miller, Meyerson & Corbo,
        attorneys; Nirmalan Nagulendran, of counsel
        and on the brief).

PER CURIAM

---

[1] We use initials to protect the identity of the child.

Defendant F.T.M. appeals from the June 29, 2016 trial court order amending the parenting time schedule of the parties' then five year-old child, L.M.-L., and from the court's September 21, 2016 order denying his motion for reconsideration.[2] The trial court, following a plenary hearing, amended the parenting time schedule for the parties' then one-year-old set forth in a December 6, 2012 consent order that provided defendant with diurnal time Monday through Friday, the third weekend of every month except in July and August, and two non-consecutive weeks in July and August. The new court-set schedule allows defendant parenting time on alternate weekends and twice-weekly "dinner parenting time." The summer, spring break and holiday parenting time schedule remain unchanged.

---

[2] In his merits brief, defendant makes mention of his appeal of the denial of his request for custody, expressed in the court's March 14, 2016 order. Defendant did not cite that order in his original or amended notices of appeal or case information statements as one from which he appealed. We have made clear "it is only the judgment or orders designated in the notice of appeal which are subject to the appeal process and review." 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). We decline to consider an order if the appellant "did not indicate in his notice of appeal or case information statement that he was appealing from the order." Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 460-61, 461 n.1 (App. Div. 2002). Further, although mentioned in the brief, it was not argued; as such we will not consider the custody issue. Noye v. Hoffmann-La Roche, Inc., 238 N.J. Super. 430, 432 n.2 (App. Div. 1990) (referring to matters not argued in the brief as "abandoned").

A-0652-16T4

Defendant argues:

POINT I

TRIAL COURT EGREGIOUSLY ABUSED DISCRETION IN REDUCING FATHER'S PARENTING TIME FROM SHARED PARENTING OF 50% OR MORE OF THE TIME TO EVERY OTHER WEEKEND AND 2 WEEK NIGHT DINNERS, CAUSING THE CHILD TO LOSE CONTINUITY WITH FATHER, AND GIVING MOTHER'S FAMILY AND SURROGATES DE FACTO CUSTODY TO WATCH CHILD WHEN MOTHER CANNOT; THIS WAS NOT IN THE CHILD'S BEST INTERESTS TO REDUCE FATHER'S PARENTING TIME WHEN CHILD HAD BEEN CARED FOR BY FATHER DURING DAYS AND MANY EVENINGS SINCE BIRTH.

POINT II

TRIAL COURT EGREGIOUSLY ABUSED DISCRETION BY RELYING UPON MOTHER'S FALSE ALLEGATIONS THAT FATHER NEVER CONSULTED WITH HER ABOUT HIS RELOCATION FROM JERSEY CITY, N.J. TO OAK RIDGE, N.J. WHEN COURT BELIEVED MOTHER AND NOT FATHER, WHERE FATHER HAD SECOND RESIDENCE IN JERSEY CITY, N.J. TO CARE FOR CHILD DURING DAYS SINCE CHILD WASN'T IN SCHOOL FULL TIME; MOTHER COMMITTED BAD FAITH ACT TO REDUCE FATHER'S PARENTING TIME ON FALSE ALLEGATIONS AND SHOULD HAVE BEEN DENIED ANY RELIEF WHATSOEVER, SINCE IT WAS NOT IN CHILD'S BEST INTERESTS.

POINT III

THE TRIAL COURT'S JUNE 29, 2016 ORDER AND SEPTEMBER 21, 2016 ORDER (ALONG WITH THE MARCH 14, 2016 CUSTODY ORDER) AND FINDINGS SHOULD BE REVERSED FOR NOT ORDERING A CUSTODY EXPERT INTO THE CASE AND NOT REVIEWING EVIDENCE OF COMPARISONS BETWEEN THE DIFFERENCE OF THE OAK RIDGE, NEW JERSEY AND JERSEY CITY, NEW JERSEY LIFESTYLES AND SCHOOL SYSTEMS FOR PURPOSES OF CUSTODY DETERMINATION.

### POINT IV

FURTHER PROCEEDINGS IN THIS MATTER SHOULD BE CONDUCTED BEFORE A DIFFERENT JUDGE.

We affirm.

In the context of determining child custody — which we have held akin to determining parenting time — the Legislature found and declared that "the public policy of this State [is] to assure minor children of frequent and continuing contact with both parents [after divorce] and that it is in the public interest to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy." N.J.S.A. 9:2-4. Both parties have a fundamental right to "the custody, care and nurture of the[ir] child." Watkins v. Nelson, 163 N.J. 235, 245 (2000) (quoting Prince v. Massachusetts, 321 U.S. 158, 166 (1944)). As neither has a right that is superior to the other, "the sole benchmark" to a determination of the parenting time issue is the best interests of the child, Sacharow v. Sacharow, 177 N.J. 62, 80 (2003); that is, what will protect the "safety, happiness, physical, mental and moral welfare of the child," Beck v. Beck, 86 N.J. 480, 497 (1981) (quoting Fantony v. Fantony, 21 N.J. 525, 536 (1956)), "no matter what the parties have agreed to." P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999) (quoting Giangeruso v. Giangeruso, 310 N.J. Super. 476, 479 (Ch. Div.

1997)).  A judgment that incorporates the parties' agreement regarding custody or visitation may be modified if the party seeking modification shows both changed circumstances and the agreement is no longer in the best interests of the child. Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 152 (App. Div. 2003); see also Finamore v. Aronson, 382 N.J. Super. 514, 522-23 (App. Div. 2006).

Modification of a prior agreement is appropriate when there is a change in circumstances warranting it, i.e., a development that affects the welfare of the child.  See Sheehan v. Sheehan, 51 N.J. Super. 276, 287 (App. Div. 1958).  In evaluating whether the requisite changed circumstances exist, a court must consider the circumstances that existed when the prior parenting time order was entered.  Id. at 287-88.  After considering those facts, a court can then "ascertain what motivated the original judgment and determine whether there has been any change in circumstances." Id. at 288.

The changed circumstances here are obvious.  The agreement established parenting time when L.M.-L. was an infant.  Her current school schedule impacts her daily life.  No longer can she spend her weekdays with a parent.  The trial court properly recognized a plenary hearing was necessary to determine the child's best interests in light of these changed circumstances.

Generally, in our limited scope of review, we will not disturb the factual findings of the trial court. N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). Those findings will be upheld when they are supported by adequate, substantial and credible evidence. G.L., 191 N.J. at 605. "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Cesare, 154 N.J. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We will set aside those findings only if they are so "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We owe no deference, however, to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We see no reason to disturb the trial court's credibility determination that defendant "lied to th[e] [c]ourt." Despite defendant's contentions that the court based its finding that he was incredible on "false information" and "one false [a]llegation"

— that he unilaterally moved from Jersey City to Oak Ridge without informing plaintiff — the court found defendant was not direct and forthright in answering its question regarding when he moved to Oak Ridge, and that his testimony on that issue varied. That determination is entitled to our deference.

Defendant's argument that the trial court "made no relevant findings to support the significantly reduced parenting time schedule [it] imposed," is belied by his other averments that we now review. Defendant argues that the judge erred in finding his move to Oak Ridge was "unilateral" because plaintiff knew he had moved. We determine that argument to be meritless. Defendant admitted he moved to Oak Ridge without consulting plaintiff, making that choice unilateral. Plaintiff's knowledge of the move — no matter how or when learned — does not change the unilateral nature of defendant's decision.

The court's determination undermined defendant's contention that he was going to keep residence at a rented-out Jersey City apartment so that L.M.-L. did not have to travel forty-five minutes from Oak Ridge to Jersey City on school days. The court concluded, "I don't know if you'll actually go through with it. [The rented apartment] was a point of income for you . . . ."

The court considered defendant's move and his failure to communicate with plaintiff regarding their child — evidenced by

7 A-0652-16T4

defendant's responses to the court's examination — as factors in amending the parenting time schedule. The trial court's findings corresponded to some of the best interests factors required to be considered: the parents' communication and cooperation abilities; the needs of the child; and the geographical proximity of the parents' homes.

Defendant asserts that the court failed to consider the difference in living environment between Jersey City and Oak Ridge, where defendant lives in a five-bedroom home shared by "his fiancé and several other children that [L.M.-L.] had become accustomed to being with and playing with." First, the argument is at odds with defendant's assertion that he would keep the Jersey City apartment so L.M.-L. could attend school there. Moreover, we perceive no, or at least scant and conclusory, evidence regarding the difference in lifestyles and schools between the two municipalities. See N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007) (holding evidence not presented to the trial court fell outside the scope of appellate review).

The same holds true for the argument defendant raises for the first time that plaintiff's work schedule results in L.M.-L. being cared for — not by her mother — but by "surrogates, . . . her parents and extended family." Defendant argues he, a retired tactical unit police officer, is available to care for L.M.-L. at

any time. Although potentially related to the best interest standard, we see no evidence in the record to support his averment.

We find unavailing defendant's argument that the trial court erred by not appointing an expert. Rule 5:3-3(a) provides the trial judge with the discretionary authority to appoint a mental health expert to perform parenting/custody evaluations of the parties and child whenever the court concludes that "disposition of an issue will be assisted by expert opinion." Defendant made no request for an expert; thus there was no "demonstration of good cause therefor." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 5:3-3 (2018). We will not address this issue because defendant did not raise it before the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Further, we see no request in the record by defendant to present his own expert, see R. 5:3-3(h); we therefore will not entertain defendant's contention made at oral argument that he was willing to pay for an expert but the judge declined.

A decision concerning parenting time is committed to the sound discretion of the judge. See Abouzahr, 361 N.J. Super. at 157 (according deference to the trial court's "exceedingly difficult and delicate" exercise of discretion on custody and parenting time matters). As such, the decision of the trial court is reviewed for an abuse of that discretion. Schweizer v. Mac

Phee, 130 N.J. Super. 123, 127 (App. Div. 1974) (stating the proposition of law that reversal of discretionary decisions only follows in cases of a clear abuse of that discretion). An abuse of discretion occurs where the "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

We disagree with defendant that the trial court did not apply the best interests test in determining parenting time. The court's opinion demonstrates a reasoned weighing of evidence against best interests factors to support its conclusion.

We reviewed plaintiff's remaining challenges to the denial of his motion for reconsideration and determine they lack sufficient merit to warrant discussion in our opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION